IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHAN R. HALL,

        Petitioner,

v.

DARREN GALLOWAY,

        Respondent.

Case No. 3:22-CV-01398-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Petitioner Nathan R. Hall, an inmate of the Illinois Department of Corrections who is currently incarcerated in this district at Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state conviction. (Doc. 1). After conducting a preliminary review of the petition, the Court directed the Respondent Darren Galloway to file a response. Respondent argues that Hall has not properly preserved his claims for habeas review. For the reasons set forth below, the Court agrees that all of Hall's claims are procedurally defaulted. The petition, therefore, is denied.

## BACKGROUND

    The Illinois Court of Appeals' opinion denying Hall's direct appeal comprehensively recounts the facts of his case. *See People v. Hall*, No. 5-19-0199, 2021 WL 2379824 (Ill. Ct. App. June 8, 2021). In 2018, Hall was charged in Jefferson County Circuit

Court with one count of disseminating child pornography, 720 Ill. Comp. Stat. 5/11-20/1(a)(2). Hall elected to proceed to trial.

A summary of the evidence presented at Hall's trial is necessary to understand his claims. The State's case consisted of two witnesses: Detective Bobby Wallace, a specialist in internet crimes against children, and Siobhan McCarthy, a computer evidence recovery technician from the Illinois Attorney General's Office. Wallace explained that as part of his investigatory efforts he uses a software program to automatically track downloads comprising suspected child pornography. In June 2018, Wallace's computer software flagged a file associated with an IP address assigned to Hall. Wallace thereafter obtained a search warrant for Hall's residence, and officers ultimately seized a computer and five hard drives. This evidence included the video containing suspected child pornography. After Wallace testified about the search, the State moved to admit the full 21-minute video into evidence. Without objection, the State played the video in its entirety for the jury.

Wallace then described how Hall was taken to the sheriff's office for questioning. According to Wallace, Hall confirmed during his interview with police that he was aware the computer program from which he had accessed the video was a file-sharing program and confirmed that he viewed child pornography and would masturbate to it. The video of Hall's interview, which was clipped to exclude his questions to officers about bail, was published to the jury without objection. On cross examination, Wallace conceded that the age of the child depicted in the video was unknown but stated that in his training and experience, the individual was under the age of 13 and definitely was under age 18. Wallace also averred that the download was not a one-time incident based on Hall's

admission during the police interview that he had downloaded such content previously and other attempted downloads intercepted by Wallace.

Next up for the State, McCarthy, the evidence recovery technician, testified that she had reviewed the contents of one of the hard drives recovered during the search of Hall's residence, as well as a portion of a second. She confirmed that the drives did not contain any child pornography but did contain certain adult pornography, some of which was Hentai, a Japanese anime style of pornographic imagery. The State moved to admit five of the images and, without objection from defense counsel, the images were published to the jury. McCarthy confirmed that the images were not illegal. The State rested following McCarthy's testimony.

Hall elected to testify in his own defense. Put simply, his testimony was devastating to his case. He admitted, among other things, to being aware during his police interview that he was being investigated for child pornography, to downloading child porn using a shared network program, and confirmed he had downloaded the video shown to the jury. He also acknowledged that he knew possession of child pornography was illegal. He explained that he was curious about the content and wanted to better understand why people were repulsed by it. On cross-examination, Hall stated that he did not want people to consider *him* repulsive and agreed that the video was shareable, although he did not intend to share it. He did not present any other witnesses in his defense.

During closing arguments, the State concluded by stating:

> So the defendant has confessed to you each and every element that I have to prove. He confessed it to you yesterday. Why? Why come in here and take the stand just to confess it all? Because he doesn't want you to find him repulsive. That's what he told you. He somehow in his mind thinks child pornography is okay, and I don't want you guys to think that I masturbate to it because that would be repulsive. I don't have to prove that he masturbated to it. That is not an element. But you guys are still going to find that repulsive. The common person is going to find that repulsive no matter what you are doing with it.
>
> And if after 16 years of studying human behavior you can't figure out that that's repulsive, then there's nothing that is going to change that. But he thought if he got on the stand and explained that to you, you too would not find him repulsive and find him not guilty. But yet, he sat and confessed to every element that I have to prove. That's why I would ask that you to return a verdict of guilty.

*Hall*, 2021 WL 2379824, at *4-5.

Defense counsel, in rebuttal, acknowledged many on the jury were "repulsed" by the film, but reminded them of the State's burden to prove guilt beyond a reasonable doubt. He argued the State had not proven the individual depicted in the video was under the age of 13.

The jury found Hall guilty. Before sentencing, his counsel moved to withdraw from the case because Hall wished to file a claim for ineffective assistance of counsel. New counsel was appointed, and the Court sentenced Hall to 20 years' imprisonment. The trial court denied Hall's motion for reconsideration.

In his appeal of his conviction and sentence, Hall argued:

1. His trial counsel was ineffective for failing to object to:

    a. The full 21-minute video being played for the jury;

    b. The State's use of the word "repulsive";

Page 4 of 20

      c. The State's introduction of adult pornography and Hentai images;

      d. Questioning by the State in his cross-examination regarding the video that was unduly prejudicial.

2. The prosecutor committed misconduct by using the word "repulsive" to describe him and asking him to agree on cross-examination that the video met the elements of child pornography when he had already admitted as much.

3. The trial court abused its discretion when it denied Hall's request for a lesser-included offense instruction for possession of child pornography rather than dissemination.

In his reply brief, Hall added that the prosecutor committed misconduct by introducing the Hentai images and playing the full video for the jury.

The Illinois Court of Appeals affirmed Hall's conviction. With regard to his claim that defense counsel was ineffective for failing to object to the State's questioning on cross-examination, the court concluded that it was not unreasonable for trial counsel to refrain from objecting to the State's questions, which were relevant to the matters raised on direct examination. *Id.* at *7. Similarly, the court held defense counsel was not ineffective for failing to object to the State's use of the word "repulsive" considering the context in which the word was used. *Id.* The court did find defense counsel was ineffective for failing to challenge the introduction of the Hentai images and the State's decision to play the full video the jury. *Id.* at *7-8. However, the court concluded Hall suffered no prejudice because "defendant confessed to every element of the crime, except the age of the child in the video" and the State's remaining evidence supported the verdict. *Id.* at *8.

The court also held that neither the prosecutor's questioning on cross examination nor her use of the word "repulsive" amounted to prosecutorial misconduct. The court held Hall had forfeited his misconduct claims regarding the State's decision to play the full video and introducing the Hentai images because he did not raise the issue in his opening brief. *Id.* at *9 n.1. Finally, the court ruled that the trial court did not err by rejecting Hall's request for a lesser-included offense instruction. *Id.* at *10.

Hall filed a petition for leave to appeal (PLA) with the Illinois Supreme Court on October 29, 2021. He argued that (1) his attorney was ineffective for failing to file certain motions, (2) his statements to the police were under duress, (3) his attorney was ineffective for failing to object to the playing of the video tape, (4) the prosecutor committed misconduct by using the word "repulsive" and (5) he was punished for exercising his right to trial, (6) an amendment to the indictment was unfair, and (7) he did not intend to violate the law. (Doc. 21-2 pp. 1-10). The Illinois Supreme Court denied the petition on March 30, 2022. *See People v. Hall*, 187 N.E.3d 697 (Ill. 2022) (table).

Hall then sought post-conviction review in state court in July 2022. He raised numerous issues: (1) his trial counsel was ineffective for failing to respond to him and may have had a conflict of interest because he was running for office in a neighboring county, (2) the prosecutor committed misconduct by using the word "repulsive" (3) the prosecutor committed misconduct by introducing the Hentai images, and (4) the prosecutor committed misconduct by playing the entire video for the jury, (5) the State violated his First Amendment rights by tracking the download to his computer, (6) the trial judge was biased against him, (7) the evidence was insufficient to demonstrate that

he disseminated the video, (8) his custodial statement was not knowing and voluntary, (9) Officer Wallace was laughing with the bailiff prior to deliberations, so the bailiff could have made an inappropriate comment to the jury, (10) he was not given an opportunity to prove that he did not view the video for sexual gratification, (11) he involuntarily downloaded the video, (12) his sentence was excessive, (13) he was confused by the *Miranda* waiver he signed, (14) he was brought out of the courthouse in handcuffs on the day of trial, (15) he did not have a sufficient opportunity to prepare for trial, (16) he did not intend to disseminate any video files, (17) the State's use of Hentai images violated the rules of evidence, (18) jurors may have seen him wearing handcuffs, (19) he was "stereotyped" because he identifies as pansexual, (20) the trial judge denied him the presumption of innocence, (21) there was insufficient evidence he possessed the video file, (22) the jury should have been instructed on jury nullification, (23) the video was not pornographic, and (24) the prosecutor dehumanized him to the jury. (Doc. 21-4 pp. 1-15). On September 20, 2022, the trial court dismissed the petition, concluding that every claim in the petition either was decided on direct appeal or could have been. (Doc. 21-5). Hall did not appeal the trial court's decision to the Illinois Court of Appeals.

On June 22, 2022, Hall filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district court. (Doc. 1). After conducting the review required by Rule 4 of the Rules Governing Section 2254 cases, the Court permitted all of his claims to proceed with the exception of his claim addressing the conditions of his confinement in state prison, which should have been brought as a separate case under 42 U.S.C. § 1983. Accordingly, the Court directed the Respondent to file a response.

Hall alleges (1) that his trial counsel was fell below the constitutional minimum when he (a) failed to listen to him when he requested certain motions to be filed (Doc. 1 p. 2); (b) refused to call his family members as character witnesses (*id.*); (c) failed to dissuade him from testifying (*id.* at pp. 2-3); (d) failed to object to testimony regarding certain uncharged conduct (*id.* at p. 8); (e) failed to request a psychological or sex offender evaluation before trial (*id.* at p. 13); and (f) had a conflict of interest, (*id.*). Hall also alleges that (2) the prosecutor committed misconduct by: (a) inflaming the passions of the jury by introducing the Hentai images and playing the 21-minute video (*id.* at pp. 3-4); (b) repeatedly using the word "repulsive" in her closing argument (*id.*); (c) editing the video of his police interview to exclude his request for an attorney (*id.*); (d) laughing at him during trial, (*id.* p. 15); (e) refusing to allow his family to sit on his side of the courtroom (*id.* at p. 16); and (f) improperly questioning him in a way to make him look bad (*id.*). Hall further alleges that (3) the trial judge showed bias when he set his bail higher than he could afford, sided with the prosecution on every issue, and gave him an excessive sentence (*id.* at pp. 5-7); (4) Officer Wallace lied under oath, and looked happy before the jury deliberated, causing the jury to give his comments improper weight (*id.* at pp. 8-9, 14); (5) his custodial statement was not knowing and voluntary because he was not properly Mirandized (*id.* at pp. 11-12), (6) the trial judge erred when he denied the request for an expert witness to determine the age of the child in the video (*id.* at p. 15); (7) he was transported to court in a marked police car, which could have prejudiced the jury against him if they saw (*id.*); and (8) his personal information was posted on

Page 8 of 20

Facebook by law enforcement and could have potentially poisoned the jury pool (*id.* at p. 16).[1]

## LEGAL STANDARD

Under Section 2254, a district court shall review an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring)).

Habeas relief is restricted to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "[A] decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013) (quoting *Goudy v. Basinger*, 604 F.3d 394, 399-400 (7th Cir. 2010)). Any "determination of a factual issue made by a State court shall be presumed to

---

[1] To better capture all of Hall's concerns, the Court has set out his claims in a different order than he presented them in his petition. The organization adopted by the Court diverges slightly from Respondent's presentation of Petitioner's claims but does not lead to any different result.

be correct," and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407).

Even an incorrect or erroneous application of federal precedent will not justify habeas relief; rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "A state court's decision is reasonable . . . so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *McDaniel v. Polley*, 847 F.3d 887, 893 (7th Cir. 2017) (internal citations omitted). For habeas relief to be granted, the state court's application of federal precedent must have been "objectively unreasonable," meaning "something like lying well outside the boundaries of permissible differences of opinion." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (internal citations omitted).

## DISCUSSION

Respondent asserts Hall's claims are procedurally defaulted because he either failed to raise them through a complete round of state court review or because the state courts rejected them on an independent and adequate state law ground. (Doc. 20). Respondent points out that Hall raised many of the claims for the first time either in his petition for leave to appeal to the Illinois Supreme Court or in his post-conviction petition. Because he did not appeal the denial of his post-conviction petition, he did not present the claims for one full round of review to the state courts.

Respondent concedes that Hall's claims regarding the prosecutor's use of the word "repulsive" and her decision to play the full 21-minute video and introduce the Hentai images may be exhausted but argues they are nevertheless procedurally defaulted because the Illinois Court of Appeals concluded the arguments were forfeited or could only be reviewed for plain error, amounting to an independent and adequate state law ground barring review. Respondent adds that Hall failed to offer any arguments to excuse the procedural default.

In his reply brief, Hall largely reiterates his claims that his attorney rendered ineffective assistance at trial, along with his other arguments. However, he also claims that he attempted to raise certain additional issues in his original appeal. When his attorney filed a brief on his behalf, those issues were not included. He adds that he did not appeal the denial of his post-conviction petition because it "would have been wasting the court[']s time." (Doc. 23 p. 8).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Section 2254(c) requires that "state prisoners give state courts a *fair* opportunity to act on their claims." *Id.* at 844. Because state courts are also required to enforce federal law, when a prisoner claims his continued confinement for a state court conviction violates federal law, the state court should have the first opportunity to hear the claim and provide any relief. *Id.* This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845; *see also McGhee v. Watson*, 900 F.3d 849, 854 (7th Cir. 2018) (finding claims in Section 2254 to be procedurally defaulted where petitioner failed to assert federal claim through one complete round of state court review); *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (noting petitioner is "required to raise the claim at each level of state court review: in his initial post-conviction petition before the trial court, in his appeal to the Illinois Appellate Court, and in his Petition for Leave to Appeal (PLA) to the Illinois Supreme Court").

As Respondent points out, Hall failed to exhaust several of his claims. The Court, after reviewing the record, concludes Hall did not raise claims 1, 2(c)-(f), and (3)-(8) in his direct appeal. Although he ultimately raised many of these issues in his post-conviction petition, he never appealed the state trial court's decision dismissing the petition. Thus, he failed to present them for a complete round of review by Illinois' courts and has procedurally defaulted on these claims. *See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991)

(finding petitioner failed to exhaust state court review where he failed to appeal the denial of his post-conviction petition).

Respondent acknowledges that Hall properly exhausted two of his claims related to the prosecutor. These are his claims that the prosecutor committed misconduct by introducing the Hentai images and the full 21-minute video (Claim 2(a)), and by using the word "repulsive" during her closing arguments (Claim 2(b)).[2] Respondent argues that these claims are procedurally defaulted for a different reason: the Illinois Court of Appeals rejected them on an independent and adequate state law ground. With respect to Claim 2(a), the court held Hall forfeited the issue because he did not raise it in his opening brief. And with respect to Claim 2(b), the court reviewed the claim for plain error because Hall did not object at trial or raise the issue in a post-trial motion.

This Court agrees that both issues are defaulted. It is well established that in habeas cases involving state prisoners under Section 2254, federal courts may not address the merits of a claim that the state court resolved on an adequate and independent state law ground. *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015) (citing *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)); *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) ("If a state court clearly and expressly states that its judgment rests on a state procedural bar and does not reach the merits of a federal claim, then we are unable to consider that

---

[2] Respondent's concession is somewhat equivocal. Respondent's brief lists Claim 2(a), related to the prosecutor's decision to publish to the jury the Hentai images and the full 21-minute video, among the issues he believes Hall did not properly exhaust. After reviewing the record, the Court concludes that Hall properly exhausted the issue. He presented the argument to the court of appeals in his opening brief (Doc. 21-7 pp. 28-29) and in his PLA (Doc. 21-4 p. 3). For the reasons discussed herein, however, the Court agrees with Respondent this claim is procedurally defaulted on other grounds.

claim on collateral review."). The doctrine "is grounded in concerns of comity and federalism." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Were it otherwise, "habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of" the Supreme Court's own jurisdiction. *Id.* at 730-31. A state law ground is adequate "when it is a firmly established and regularly followed state practice at the time it is applied," and it is independent if "the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Kaczmarek*, 627 F.3d at 592.

Start with Claim 2(a). In a footnote, the Illinois Court of Appeals declared that Hall had forfeited the issue by failing to raise it in his initial brief. *See Hall*, 2021 WL 2379824 at *9 n.1 (citing Ill. Sup. Ct. R. 341(h)(7)). "[F]orfeiture under state law is almost always" an adequate and independent state ground. *Flint v. Carr*, 10 F.4th 786, 794 (7th Cir. 2021). After all, "[a] state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time—as state rules define those courts, ways, and times." *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002).

There may be reason to doubt whether the Illinois court correctly applied the doctrine here. On page 28 of his initial brief, Hall took issue with the state's introduction of "the video file itself" and "other files of legally downloadable content found on [his] computer . . . ." (Doc. 21-7 p. 28). Nevertheless, this Court is not in a position to review Illinois' application of its own law. *See Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015) ("[A] federal habeas court is not the proper body to adjudicate whether a state court correctly interpreted its own procedural rules, even if they are the basis for a procedural

default."); *Barksdale v. Lane*, 957 F.2d 379, 383-84 (7th Cir. 1992) ("A federal court sitting in habeas corpus is required to respect a state court's finding of waiver or procedural default under state law. Federal courts do not sit to correct errors made by state courts in the interpretation and application of state law.").[3]

Next up is Hall's claim regarding the prosecutor's use of the word "repulsive." In Illinois, to properly preserve a claim for appellate review, an individual must timely object and file a post-trial motion alerting the court to the claim. *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997); *Thorn v. Nurse*, No. 20-7377, 2023 WL 8879125, at *9 (N.D. Ill. Dec. 22, 2023). Hall did not take either step, so the Illinois Court of Appeals reviewed the claim for plain error. Notwithstanding the fact the court passed on the merits of the claim, the Seventh Circuit has made clear that "where a state court reviews a federal constitutional claim for plain error because of a state procedural bar . . . that limited review does not constitute a decision on the merits." *Kaczmarek*, 627 F.3d at 592;

---

[3] A few narrow exceptions to this doctrine exist. *Johnson*, 786 F.3d at 508 n.7. The Seventh Circuit, for instance, has looked past an apparent state law forfeiture when the record "clearly show[ed]" a habeas petitioner "did in fact raise and argue the issue in his brief on direct appeal." *Kubat v. Thieret*, 867 F.2d 351, 366 n.11 (7th Cir. 1989); *see also Thorn v. Nurse*, No. 20-7377, 2023 WL 8879125, at *9 (N.D. Ill. Dec. 22, 2023) ("There can be no procedural default where a violation of state procedure never actually occurred—meaning that this claim is not defaulted if trial counsel did not in fact forfeit it.").

Although the Court concluded above that Hall's briefing before the Illinois Court of Appeals was sufficient to exhaust this claim, the Court is hesitant to conclude the Illinois Court of Appeals clearly erred in concluding the argument was forfeited. For one, the discussion of prosecutorial misconduct related to the Hentai images and the playing of the full video in Hall's brief was cursory at best. Illinois law may require more. Second, the Illinois Court of Appeals' forfeiture finding came after it had already concluded Hall's prosecutorial misconduct claims were not properly preserved and only could be reviewed for plain error. Thus, it is reasonably clear that the claims would be defaulted for that reason also.

*see also Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) ("[W]e have repeatedly explained that where a state court reviews the claim for plain error as the result of a state procedural bar . . . that limited review does not constitute a decision on the merits." (citations omitted)). "[I]t is settled (at least in this circuit) that a plain-error exception to a procedural rule does not compromise that rule's quality as an independent ground of decision." *Brooks v. Walls*, 279 F.3d 518, 523 (7th Cir. 2002). Thus, this claim also is procedurally defaulted.

To excuse his procedural default, Hall must show either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The latter ground applies only "in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted." *Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016) (quoting *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013)). Hall can establish cause if he can "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Hall does not develop an argument or furnish any evidence suggesting that he is innocent of disseminating child pornography. Nor does he offer a clear argument that he satisfies the cause and prejudice standard. Generously construed, he offers two explanations in his reply brief: (1) his appellate counsel was ineffective for failing to present certain arguments that he asked to have considered and (2) appealing the denial of his post-conviction petition would have been futile. (Doc. 23 pp. 7-8).

Neither is sufficient. Although ineffective assistance of counsel can be cause to set aside a procedural default, "[t]he assertion of ineffective assistance as a cause to excuse procedural default in a § 2254 petition, is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Smith*, 565 F.3d at 352. Hall did not exhaust any claim related to his appellate counsel in state court. *See Mata v. Baker*, 74 F.4th 480, 488 (7th Cir. 2023). Nor can Hall be excused from failing to exhaust the claims in his post-conviction petition based on his view that appellate review would be futile. The Supreme Court long ago held that habeas petitioners may not bypass presentation of a claim through a state's courts out of the mere belief "they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982); *see also Olden v. Greene*, No. 20-7485, 2023 WL 8110796, at *3 (N.D. Ill. Nov. 21, 2023).

Because Hall has procedurally defaulted on all of his claims and has not established cause and prejudice or actual innocence to excuse his default, the Court finds that he is not entitled to habeas relief under 28 U.S.C. § 2254.

## Conclusion

The Petition for Writ of Habeas Corpus filed by Petitioner Nathan Hall (Doc. 1) is **DENIED**, and his motion for status (Doc. 33) is **DENIED as moot**. This civil action is **DISMISSED** with prejudice, and the Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

## Certificate of Appealability

A certificate of appealability is required to appeal from the dismissal or denial of a Section 2254 petition. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule

11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 580 U.S. 100, 115 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, no reasonable jurist would debate this Court's ruling that Hall had procedurally defaulted his claims. Accordingly, the Court denies a certificate of appealability. Hall may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if he wishes to pursue an appeal. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

## NOTICE OF APPELLATE RIGHTS

If Hall wishes to contest this Order, he has two options. He may seek review of the Order by the Seventh Circuit or request the undersigned to reconsider the Order before going to the Seventh Circuit. If Hall chooses to go straight to the Seventh Circuit, he will only be allowed to proceed on his appeal if he first obtains a certificate of appealability. The undersigned Chief District Judge has already declined to issue a certificate of

appealability. So, Hall must request a certificate of appealability from the Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c). He must also file a notice of appeal within 30 days from the entry of judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The deadline can be extended for a short time only if Hall files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. Fed. R. App. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807-08 (7th Cir. 2011) (explaining the excusable neglect standard).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. Fed. R. App. P. 3(e). If Hall cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* Fed. R. App. P. 24(a)(1)(C). The IFP motion must set forth the issues Hall plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Hall wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within 28 days of the entry of judgment, and the deadline *cannot* be extended. Fed. R. Civ. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1)

and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707-08 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. Fed. R. App. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. Fed. R. App. P. 4(a)(1)(A), (a)(4), & (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day window or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819-20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Hall showing excusable neglect or good cause.

**IT IS SO ORDERED.**

DATED:   December 17, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**